9570001.003

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ECUADORIAN FRUIT CORP.,

               Plaintiff,

       -against-                  CASE NO. *1:07 CV 06610 LTJ*

A.P. MOLLER-MAERSK AS d/b/a
MAERSK SEALAND a/k/a                       *ECF CASE*
MAERSK LINE,

               Defendant.

--------------------------------------------------------X

## CIVIL COMPLAINT IN ADMIRALTY

Plaintiff, ECUADORIAN FRUIT CORP., by its undersigned attorneys, as and for its

Complaint against defendant A.P. MOLLER-MAERSK AS d/b/a MAERSK SEALAND a/k/a

MAERSK LINE ("MAERSK"), in personam, in a cause of action civil and maritime, alleges

upon information and belief:

### THE PARTIES

1.  At all times hereinafter mentioned, plaintiff ECUADORIAN FRUIT CORP., was and

still is a corporation duly organized and existing under the laws of Florida, with offices and a

principal place of business at 12965 S.W. 132 Ave., Miami FL 33186 and was the owner and/or

the beneficial owner of the cargo described in this complaint.

2.  Upon information and belief and at all times hereinafter mentioned, defendant

MAERSK was and still is a Danish corporation with offices and a principal place of business in

Denmark with an office in the United States at 2 Giralda Farms, Madison Avenue, Madison, NJ

07940 and was the common carrier of merchandise by water for hire and was the ocean carrier of the cargo described in this complaint.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. Section 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff is seeking to enforce rights under maritime contracts. Alternatively, this is an action involving the diversity of citizenship of the parties as more full described above and for damages in excess of $75,000.00 exclusive of interest and costs.

## VENUE

4. Venue in this case is proper. Pursuant to the MAERSK bill of lading contracts the parties have agreed to the forum of the United States District Court for the Southern District of New York with respect to any disputes.

## FACTUAL ALLEGATIONS

5. At all material times hereinafter mentioned, plaintiff's relationship to defendant was that of a consignee of cargo owned or controlled by plaintiff carried aboard defendant's vessels under bills of lading issued by plaintiff as carrier to plaintiff.

6. During July 2006 and August 2006 defendant carried by water shipments (the "Shipments") of plaintiff's cargos of organic bananas between South American ports and United States ports under bill of lading/waybill numbers 851608111, 851602357, 851657568, 851644117, 510481944 and 850724650 relating to Service Contract No. 101973.

7. The Shipments were delivered to defendant in good order and condition.

8. Plaintiff has duly performed all duties and obligations required to be performed by plaintiff in relation to the Shipments.

## COUNT I

Plaintiff realleges and repeats paragraphs 1 through 8 as if fully set forth at length herein.

9. Defendant accepted said cargo and agreed to deliver it to plaintiff or plaintiff's buyers in the same good order and condition as when received by defendant.

10. Defendant thereby became the bailee of said cargo and had the duty as bailee to redeliver the bailed cargo in the same good order and condition as when received.

11. Defendant failed to redeliver the bailed cargo in the same good order and condition, but rather said cargo was seriously damaged and impaired in value and plaintiff has been damaged in an amount in excess of $75,000.00.

## COUNT II

Plaintiff realleges and repeats paragraphs 1 through 8 as if fully set forth at length herein.

12. Defendant had the duty to exercise reasonable care during the transportation of said cargo and safely deliver said cargo to its intended destination.

13. Defendant breached its duty as a common carrier by water for hire by failing to deliver the cargo in good order and condition as when received.

14. Due to the foregoing plaintiff has been damaged in an amount in excess of $75,000.00.

## COUNT III

Plaintiff realleges and repeats paragraphs 1 through 8 as if fully set forth at length herein.

15. Defendant contracted to transport and to deliver said cargo in good order and condition in consideration of the payment of certain freight and as evidence thereof issued its bill of lading/waybill numbers 851608111, 851602357, 851657568, 851644117, 510481944 and 850724650 relating to Service Contract No. 101973.

16. Defendant breached its contracts by failing to deliver said cargo in good order and condition and as a proximate result thereof plaintiff has been damaged in an amount in excess of $75,000.00.

WHEREFORE, plaintiff prays:

1. For judgment against defendant MAERSK in the amount of plaintiff ECUADORIAN FRUIT CORP.'s damages in an amount in excess of $75,000.00, together with interest thereon from the respective dates due, costs, disbursements and attorneys fees, all as provided in the Terms and Conditions of the applicable contracts of carriage.

2. That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction may issue against the defendant citing defendant to appear and answer all the singular matters aforesaid.

3. That plaintiff have such other and further relief in the premises as in law and justice it may be entitled to receive.

Dated: Key Biscayne, Florida
       July 19, 2007

HALLEY & HALLEY, P.A.

By:_____
        Thomas V. Halley TH-0793
        Attorneys for Plaintiff
        200 Crandon Blvd., Suite 332
        Key Biscayne, FL 33149
        Tel. 305 365-1237
             305 469-0507
             305 361-3612
        Fax. 305 361-3354