407-07/EEL
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
A.P. MOLLER-MAERSK A/S
d/b/a Maersk Sealand
a/k/a Maersk Line
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Eric E. Lenck (EL4547)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ECUADORIAN FRUIT CORP.

    Plaintiff,

  against

A.P. MOLLER-MAERSK AS d/b/a MAERSK
SEALAND a/k/a MAERSK LINE,

    Defendant.
------------------------------------------------------x

07 CV 6610 (LTS)
ECF CASE

**ANSWER**

 Defendant A.P. MOLLER-MAERSK A/S d/b/a Maersk Sealand a/k/a Maersk Line (hereinafter "Maersk"), by its attorneys, Freehill Hogan & Mahar LLP, responding to the Complaint of the plaintiff herein, alleges upon information and belief as follows:

 1. Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 1 of the Complaint.

 2. Admits that at all relevant times, Maersk was and still is a Danish corporation with offices and a principal place of business in Denmark, and

acted as a carrier of merchandise by water for hire and issued bills of lading as identified in this Complaint, but except as so specifically admitted, denies the remaining allegations contained in paragraph 2 of the Complaint. Maersk is not required to respond to legal conclusions asserted in paragraph 2 of the Complaint.

3. Admits that this Court has jurisdiction pursuant to 28 U.S.C. §1333 and that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that plaintiff is seeking to enforce rights under maritime contract, but except as so specifically admitted, denies that this is an action falling within this Court's diversity jurisdiction.

4. Admits that the Maersk bill of lading contracts provide for the Southern District of New York as the forum, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 4 of the Complaint.

5. Admits that containers said to contain cargo described by plaintiff were carried on board vessels owned or chartered by Maersk under bills of lading issued by Maersk, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations of paragraph 5 of the Complaint.

6. Admits that on or about July 2006 and August 2006, Maersk carried by water containers said to contain the shipments described by the

2

plaintiff between South American ports and United States ports under the bills of lading and service contract mentioned therein, but except as so specifically admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations of paragraph 6 of the Complaint.

    7. Denies the allegations contained in paragraph 7 of the Complaint.

    8. Denies the allegations contained in paragraph 8 of the Complaint.

## COUNT I

Defendant Maersk realleges and repeats each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 8 above as if fully set forth at length herein.

    9. Admits that Maersk accepted containers said to contain the cargo described by the plaintiff and agreed to deliver them subject to the terms and conditions of the governing contracts of carriage, but except as so specifically admitted, denies the remaining allegations in paragraph 9 of the Complaint.

    10. Maersk is not required to respond to the allegations contained in paragraph 10 of the Complaint in that they contain conclusions of law.

    11. Denies the allegations contained in paragraph 11 of the Complaint.

## COUNT II

Defendant Maersk repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 8 as if fully set forth at length herein.

12. Maersk is not required to respond to the allegations in paragraph 12 of the Complaint in that they contain conclusions of law.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

## COUNT III

Defendant Maersk repeats and realleges each and every admission, denial or denial of knowledge or information sufficient to form a belief set forth in paragraphs 1 through 8 as if fully set forth at length herein.

15. Admits that Maersk contracted to transport and deliver cargoes relating to the bill of lading numbers and service contract number set forth in paragraph 15 of the Complaint pursuant to the terms and conditions of said contracts of carriage in consideration of the payment of certain freight, but except as so specifically admitted, denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

NYDOCS1/289289.1

## AS AND FOR MAERSK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a claim against Maersk upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

19. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a

cause or causes for which Maersk is not liable by virtue of said dock receipts, bills of lading, service contracts, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

20. Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Maersk, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not Maersk.

### FIFTH AFFIRMATIVE DEFENSE

21. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by Maersk, and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of Maersk.

### SIXTH AFFIRMATIVE DEFENSE

22. If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf, including a failure to mitigate the damages properly.

### SEVENTH AFFIRMATIVE DEFENSE

23. The Plaintiff is not the real party in interest to this suit.

NYDOCS1/289289.1

### EIGHTH AFFIRMATIVE DEFENSE

24. Plaintiff failed to give timely notice of this claim.

### NINTH AFFIRMATIVE DEFENSE

25. Any liability of Maersk, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, service contracts, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

### TENTH AFFIRMATIVE DEFENSE

26. Plaintiff failed to commence suit within the one year statute of limitations under 46 U.S.C. §1303(6).

### ELEVENTH AFFIRMATIVE DEFENSE

27. Insufficient service of process.

### TWELFTH AFFIRMATIVE DEFENSE

28. Failure to join an indispensable party.

WHEREFORE, Defendant Maersk prays:

1. That a decree be entered dismissing Plaintiff's Complaint and that Maersk be awarded all costs, expenses and attorney fees incurred in connection with the defense of the Complaint;

2. That if any liability be found against Maersk, such liability be limited to $500 per package or other limitations set forth in the governing contract(s) of carriage or as provided by law; and

7

3. That this Court grant Maersk such other and different relief as it may deem just and proper in the premises.

Dated: New York, New York
August 28, 2007

> FREEHILL, HOGAN & MAHAR LLP
> Attorneys for Defendant
> A.P. MOLLER-MAERSK A/S
>
> By: _/s/ Eric Lenck_
> ERIC E. LENCK (EL4547)
> 80 Pine Street
> New York, New York 10005-1759
> (212) 425-1900

TO: HALEY & HALEY, P.A.
Attorneys for Plaintiff
200 Crandon Blvd. Ste. 332
Key Biscayne, FL 33149
Attention: Thomas V. Halley, Esq.

8