407-07/EEL
FREEHILL, HOGAN & MAHAR
Attorneys for Plaintiff
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900
Eric E. Lenck [EL-4547]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ECUADORIAN FRUIT CORP.,

              Plaintiff,

       -against-                              07 CV 6610 (LTS) (AJP)

A.P. MOLLER-MAERSK AS d/b/a
MAERSK SEALAND a/k/a
MAERSK LINE,

              Defendant.
-----------------------------------------------------------X

## PRELIMINARY PRE-TRIAL STATEMENT

As required by the Initial Conference Order, dated August 20, 2007, plaintiff, ECUADORIAN

FRUIT CORP., and defendant, A.P. MOLLER-MAERSK AS, hereby jointly submit their

Preliminary Pre-Trial Statement.

a. A concise statement of the nature of this action.

Plaintiff's Statement:

      Plaintiff, Ecuadorian Fruit Corp. is a Florida corporation based in Miami and was the

owner of the cargo described in the complaint in this matter.

Defendant Maersk is a Danish corporation with offices in Madison, New Jersey and was the common carrier of merchandise by water for hire and was the ocean carrier of the cargo described in the complaint in this matter.

Plaintiff's relationship to defendant was that of a consignee of cargo owned or controlled by plaintiff carried aboard defendant's vessels under bills of lading issued by plaintiff as carrier to plaintiff.

During July 2006 and August 2006 defendant carried by water shipments of plaintiff's cargos of organic bananas between South American ports and United States ports under bill of lading/waybill numbers 851608111, 851602357, 851657568, 851644117, 510481944 and 850724650 relating to Service Contract No. 101973. The Shipments were delivered to defendant in good order and condition.

Defendant redelivered the cargo in seriously damaged condition and impaired in value and plaintiff has been damaged in an amount in excess of $75,000.00.

Defendant's Statement:

Defendant A.P. Moller-Maersk-A/S d/b/a Maersk Sealand a/k/a Maersk Line (hereinafter "Maersk") is a Danish business entity with offices at 50 Esplanaden, Copenhagen K Denmark DK-1098. Maersk carried refrigerated containers received in a sealed condition, said to contain the shipments alleged in the Complaint. Maersk carried these containers pursuant to Service Contract No. 101973 with Ecuadorian Fruit Corp., expiring 31 January 2007.

Maersk disputes that the shipments were redelivered to the ocean carrying vessels in good order and condition; Maersk disputes that it delivered the shipments in a seriously damaged condition and/or that the damage on delivery was not as great as alleged by the plaintiff. Maersk maintains that it has full defenses to any claims pursuant to the contracts of carriage.

b. A concise statement of each party's position as to the basis of
this Court's jurisdiction of the action, with citations to all
statutes relied upon and relevant facts as to citizenship and
jurisdictional amount.

Plaintiff's Statement:

This Court has jurisdiction pursuant to 28 U.S.C. Section 1333. This is an admiralty and

maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

Plaintiff is seeking to enforce rights under maritime contracts.  Alternatively, this is an action

involving the diversity of citizenship of the parties as more full described above and for damages

in excess of $75,000.00 exclusive of interest and costs.

Defendant's Statement:

This Court has jurisdiction pursuant to 28 U.S.C. §1333. This is an admiralty and

maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This

action does not meet the test for jurisdiction under 28 U.S.C. 1332 in that plaintiff's damages do

not exceed $75,000.

c. A concise statement of all material uncontested or admitted facts.

This case arises out of events involving plaintiff and defendant related to the

transportation of plaintiff's cargo by defendant during the period July 2006 to August 2006.

Defendant's Statement:

The ocean carriage of the containers said to contain the fruit shipments alleged in the

Complaint was done pursuant to Service Contract No. 101973 between Maersk and Ecuadorian

Fruit Corp. and Maersk bills of lading issued in conjunction with aforesaid Service Contract.

The shipments involved the carriage of goods from a foreign port to a port in the United

States.

d. A concise statement of all uncontested legal issues.

Plaintiff's Statement:

     None at this time.

Defendant's Statement:

     The claims made by the plaintiff are subject to the United States Carriage of Goods by

Sea Act, 1936.

e. A concise statement of all legal issues to be decided by the Court.  The following are legal
issues that may be presented to the Court for decision by motion in the course of this litigation.
Other legal issues may arise in the
course of discovery.


Plaintiff's anticipated legal issues:

     1.  Whether the cargo which is the subject of the suit was delivered to defendant in good

order and condition.

     2.  Whether the cargo which is the subject of the suit was redelivered to plaintiff by

defendant in damaged condition.

     3.  Whether defendant is entitled to any limitations of liability to defendant as a matter of

law.

Defendant's Anticipated Legal Issues:

     1. Whether the cargo which is the subject to the suit was delivered to the defendant in

good order and condition.

     2. Whether the cargo which is the subject to the suit was redelivered to plaintiff by

defendant in damaged condition.

3. Whether defendant is entitled to limit its liability pursuant to the contracts of carriage or as a matter of law.

4. Whether any of the claims are time barred.

5. Whether plaintiff is entitled to recovery for damage due solely to delay.

6. Whether plaintiff is the real party in interest to this suit.

f. Each party's concise statement of material disputed facts:

Plaintiff's statement:

Whether defendant is entitled to any limitation of liability.

Whether the alleged damage to the cargo was caused by parties other than defendant.

Whether plaintiff is the real party in interest to this suit.

Whether plaintiff failed to give timely notice of the claim.

Whether plaintiff failed to commence suit in a timely manner.

Whether service of process was insufficient.

Whether plaintiff failed to join an indispensable party.

Defendant's Statement:

1. The condition of the shipments at the time of delivery to the defendant.

2. The condition of the shipments at the time of redelivery from defendant to the receivers of the shipment.

3. The temperature records of the containers said to contain the shipments alleged in the Complaint.

4. The reasons for delay in delivery, if any.

5. Whether any suit time extensions were granted by the defendant.

6. The quantum of damages, if any, recoverable under the governing contracts of carriage and as a matter of law.

g. A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

Plaintiff's Statement :

The basic rule of damages for damage to cargo is the market-value rule. If the goods are damaged rather than lost, the damages consist of the difference between the market value of the goods in sound condition on the date of arrival at destination and the market value of the goods in their damaged condtion.  Holden v. S/S Kendall Fish, 262 F. Supp 862 (E.D. La. 1966); aff'd 395 F.2d 910 (5th Cir. 1968)

Defendant's Statement:

N/A. Defendant has no counterclaims.

h. Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied upon by such party.

Plaintiff's Statement: N/A

Defendant's Statement:

1. Plaintiff has failed to prove the good order of the shipments at the time of delivery to the ocean carrier. Vana Trading Co. v. S.S. METTE SKOU, 556 F.2d 100 (2d Cir. 1977).

2. Plaintiff has failed to give proper notice of loss or damage and has failed to commence timely suit on one or more of the claims in violation of §1303(6) of the United States Carriage of Goods by Sea Act.

3. Defendant is not liable for damages for delay in delivery pursuant to the terms of the contact of carriage and by law. Quesoro USA Inc. v. Lykes Bros. Steamship Co., 1995 A.M.C. 2054 (S.D.N.Y. 1995); America S/A Frutas, 2006 A.M.C. 1028 (E.D.Pa. 2006).

4. Defendant exercised due diligence before and at the beginning of the voyage to make each vessel seaworthy, properly man, equip and supply each vessel, and to make the refrigerated containers fit and save for the reception carriage and preservation of the shipments, 46 U.S.C. §1304

5. Defendant properly and carefully loaded, handled, stowed, carried, kept and cared for and discharged the containers said to container the shipments alleged in the Complaint, 46 U.S.C. §1304.

6. The fruit was shipped by plaintiff in an advanced ripening state and as such was inherently defective, 46 U.S.C. §1304(m).


i. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

Plaintiff's Statement:

In order to establish the defendant's liability for loss or damage to cargo, plaintiff must establish a prima facie case that the goods were damaged while in the defendant's custody. 46 U.S.C. App. Sections 1303, 1304. Plaintiff can meet this burden by proing that (1) the cargo was delivered to defendant in a good condition; and (2) it was discharged by defendant in a damaged

condtion. <u>Caemint Food, Inc. v Lloye Brasileiro Compnahia De Navegacao</u>, 647 F.2d 347, 351-52 (2d Cir. 1981); <u>Westway Coffee Corp. v. M/V Netuno</u>, 675 F.2d 30, 32 (2d Cir. 1982)

Defendant's Statement:

Plaintiff has the burden of proving

1. That the shipments alleged in the Complaint were delivered to defendant in good order and condition.

2. That the shipments did not suffer from inherent vice.

3. That the shipments were redelivered by defendant after discharging in a damaged condition.

4. That the claims are not time barred.

5. The quantum of damages, if any.

6. That defendant failed to exercise due diligence.

7. That defendant was negligent in the care and handling of the shipments.

j. Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefore.

Plaintiff: None.

Defendant's Statement:

The shipments involved a number of vessels not owned by defendant Maersk. Based on further investigation and pretrial discovery, it is possible that Maersk will seek to bring third party complaints against such vessel owners and/or managers involved in the voyage. Maersk proposes January 18 as the last day to bring any such third party action.

k. A statement as to whether all parties consent to trial of the
case by a magistrate judge (without identifying which parties
have or have not consented).

All parties do not consent to a trial of this matter by a Magistrate Judge.

l. What, if any, changes should be made to the timing, form or
requirements for disclosures under Fed. R. Civ. P. 26(a),
including a statement as to when any disclosures required
under Fed. R. Civ. P. 26(a)(1) were made or will be made.

Plaintiff's Statement:

Plaintiff served its Rule 26(a)(1) disclosure on November 7, 2007.

Defendant's Statement:

Defendant served its Rule 26(a)(1) disclosure on November 13, 2007.

m. The subjects on which disclosure may be needed, and whether
discovery should be conducted in phases or be limited to or
focus upon particular issues, including a concise description
of each party's plan for discovery and a proposed discovery
cut-off date.

Plaintiff's Statement:

Same as defendant's.

Defendant's Statement:

Disclosure is required as to:

1. The condition of the shipments at the time of delivery to the ocean carrier prior to

shipment.

2. The condition of the shipments at the time of redelivery from the ocean carrier to the

receiver.

3. Plaintiff's damages, if any.

4. Time bar issues.

Proposed discovery cut off of April 18, 2008.

n. Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

Same as defendant's.

Defendant's Statement:

Evidence from a fruit expert may be required.

Expert discovery deadline May 16, 2008.


o. What, if any, changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of court, and what other limitations should be imposed.

Plaintiff's Statement:

None at this time.

Defendant's Statement:

Agreed.

p. The status of settlement discussions and prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

Plaintiff's Statement:

There have been no preliminary settlement discussions. The prospects for resolution are unclear at this point.

Defendant's Statement:

The parties are still at the stage of developing the facts relating to these numerous cargo

claims. The prospects for any negotiated settlement are unclear at this point.

q. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to

be needed for presentation of that party's case.

Plaintiff's Statement:

This is an non-jury admiralty case to be tried by the Court. The defendant has not demanded a jury trial on any issue. Plaintiff expects 1 trial date to present its case and ½ day for rebuttal.

Defendant's Statement:

This is a non-jury admiralty case to be tried by the Court without a jury. Defendant expects 2 to 3 trial days to present its defense to the claim.


r. Any other orders that should be entered by the Court under
Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

Plaintiff's Statement

None.

Defendant's Statement:

The parties may request pursuant to Rule 26(c) that the Service Contract No. 101973 be treated as confidential.

Dated:  Key Biscayne, Florida
        New York, NY
        November 13, 2007

                                    HALLEY & HALLEY, P.A.

                                    By:_____
                                        Thomas V. Halley TH-0793
                                        Attorneys for Plaintiff
                                        200 Crandon Blvd., Suite 332
                                        Key Biscayne, FL 33149
                                        Tel. 305 365-1237
                                        Fax. 305 361-3354


                                    FREEHILL, HOGAN & MAHAR LLP

                                    By:_____
                                        Eric E. Lenck EL 4547
                                        Attorneys for Defendant
                                        80 Pine Street
                                        New York, NY 10005-1759
                                        Tel. 212 425-1900